## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**MICHAEL A. WILKINSON**                                     **PLAINTIFF**

**V.**                          **NO. 2:19CV00019 SWW-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**              **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I.  Introduction:

Plaintiff, Michael A. Wilkinson ("Wilkinson"), applied for disability benefits on April 19, 2016, alleging disability beginning on January 25, 2016. (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied Wilkinson's request for review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

(Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Wilkinson has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II.   **The Commissioner's Decision**:

The ALJ found that Wilkinson had not engaged in substantial gainful activity since the alleged onset date of January 25, 2016 (Tr. at 17). At Step Two, the ALJ found that Wilkinson has the following severe impairments: left eye blindness and right eye blurriness due to histoplasmosis with retinitis and allergic rhinitis. *Id.*

After finding that Wilkinson's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Wilkinson had the residual functional capacity ("RFC") to perform the full range of medium work, except that: (1) he could not perform jobs requiring balance, unrestricted heights, scaffolding, or ladders; (2) he must avoid temperature extremes, heavy chemicals, heavy dust, and heavy fumes; (3) he cannot operate moving machinery such as forklifts or cars in terms of transportation/driving; and (4) he is limited to unskilled work. (Tr. at 19).

The ALJ found that, based on his RFC, Wilkinson was unable to perform any past relevant work. (Tr. at 22). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Wilkinson's age, education, work

experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a skin picker, a laundry worker, and an offbearer.[2] (Tr. at 23). Thus, the ALJ found that Wilkinson was not disabled. *Id.*

## III.  **Discussion**:

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent

---

[2] An offbearer is a worker who removes partly processed or completed products from a machine, conveyor belt, power saw, or other equipment. https://www.merriam-webster.com/dictionary/off-bearer.

decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Wilkinson's Arguments on Appeal

Wilkinson contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ failed to consider his impairments in combination, he failed to fully develop the record, and the RFC did not fully incorporate his limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Wilkinson's main problem was with his vision. He is blind in his left eye. (Tr. at 20). In January 2016, he had a grossly normal eye exam but was diagnosed with retinal edema. (Tr. at 313). Dr. Edward Bryant, M.D., at West Memphis Eye Center, diagnosed histoplasmosis with retinitis and fluid leakage in the right eye. (Tr. at 335-337, 384-420). Injections of Avastin were administered at that time. (Tr. at 393, 402, 418). Wilkinson said that this treatment helped a lot. (Tr. at 51). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Wilkinson also had allergic rhinitis, but treated that with an inhaler and did

not require anything more aggressive. And finally, he alleged headaches, but he said that aspirin helped. (Tr. at 58).

Two state-agency reviewing doctors considered all of Wilkinson's impariemtns and found that he had no postural limitations but vision was decreased in his left eye. (Tr. at 73-89). The ALJ gave these opinions less weight because he felt like Wilkinson's vision resulted in postural limitations, which he imposed in the RFC.

Wilkinson said he could do things like fix meals, mow and garden, shop in stores, and handle personal care. (Tr. at 212-215). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Wilkinson alleges that the ALJ failed to consider his impairments in combination. The ALJ properly considered all impairments at Step Two. He reviewed the medical evidence and medical opinions, Wilkinson's subjective complaints, and his activities of daily living. (Tr. at 20-22). *See Mapes v. Chater*, 82 F.3d 259, 264 (8th Cir. 1996)(an ALJ has sufficiently considered the combined effects of a claimant's impairments when he has discussed the impairments and complaints of pain and concluded that they did not restrict the claimant from work). The ALJ further evaluated all of the severe impairments at Step Three by discussing the Listings involved in each condition. Because the ALJ reviewed the record as a

whole and discussed the impairments evidenced therein, Wilkinson's first argument fails.

Additionally, further development of the record was unwarranted. The record contains treatment from a specialist and non-examining medical opinions, but not much else. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to serve as counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). The evidence was not in conflict in this case, and the ALJ cannot be faulted when Wilkinson did not provide more medical evidence to support his case.

Finally, for the reasons stated above, the RFC fully incorporated Wilkinson's limitations. Treatment was conservative and it helped with Wilkinson's conditions. He could perform a variety of daily activities. The only restriction assigned by any doctor was from Dr. Bryant, who said Wilkinson should not drive at night. (Tr. at 318, 321, 335, 337). The RFC contained a prohibition on driving. (Tr. at 19).

Within Wilkinson's RFC argument, he asserts that the DOT was in conflict

with the VE testimony because the jobs identified required better vision than Wilkinson had. But the VE addressed that concern fully: he gave examples of why each job did not require more than occasional use of vision. (Tr. at 60-65). The ALJ properly relied upon VE testimony.

**IV.** **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Wilkinson was not disabled. The ALJ properly weighed the medical opinions and he based his decision on a fully developed record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 16th day of August 2019.

_____
UNITED STATES MAGISTRATE JUDGE